

FILED
CLERK, U.S. DISTRICT COURT

Jun 28, 2016

CENTRAL DISTRICT OF CALIFORNIA
BY: ____DC____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

ARTHUR LEE SMART,                )   Case No. CV 13-08311-GW (DTB)
               Petitioner,        )
                       )   ORDER OVERRULING PETITIONER'S
          vs.                       )   OBJECTIONS; ADOPTING THE U.S.
                       )   MAGISTRATE JUDGE'S REPORT
DANIEL PARAMA, Warden,           )   AND RECOMMENDATION; DENYING
                       )   PETITIONER'S REQUEST FOR A
            Respondent.        )   STAY
_____)

On November 8, 2013, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet.") herein, together with supporting attachments ("Pet. Att."). In accordance with the Court's Order Requiring Response to Petition, and after one extension of time, respondent filed a Motion to Dismiss Petition for Writ of Habeas Corpus ("Motion to Dismiss") on February 7, 2014, on the ground that the claim in Ground Five of the Petition was unexhausted. On March 13, 2014, rather than filing an Opposition to the Motion to Dismiss, petitioner filed a Motion for Stay and Abeyance ("Motion for Stay"). On April 2, 2014, the Court granted the Motion to Dismiss and denied the Motion for Stay. In accordance with the Court's Order, on April 14, 2014, petitioner elected to proceed on his exhausted claims only and consented to striking his unexhausted claim in Ground Five. Thereafter, respondent filed an Answer to Petition for Writ of Habeas Corpus on May 22, 2014. On July 18,

1

1   2014, after one extension of time, petitioner filed his Traverse ("Trav.") thereto.  On

2   May 29, 2015, the Court issued its Report and Recommendation.  **In the interim, on**

3   **July 1, 2015, the Ninth Circuit issued two published decisions holding that a**

4   **motion to stay and abey a 28 U.S.C. § 2254 habeas corpus petition to exhaust**

5   **claims in state court is generally (but not always) dispositive of the unexhausted**

6   **claims.**  See Mitchell v. Valenzuela, 791 F.3d 1166, 1167 (9th Cir. 2015); Bastidas

7   v. Chappell, 791 F.3d 1155, 1157 (9th Cir. 2015).  The Ninth Circuit found that, when

8   the motion is dispositive, a magistrate judge "is without authority to 'hear and

9   determine' such a motion, but rather must submit a report and recommendation to the

10  district court.'"  Mitchell, 791 F.3d at 1167 (citing 28 U.S.C. § 636(b)(1)(A)-(B)); see

11  also Mitchell, 791 F.3d at 1170 ("'[W]here the denial of a motion to stay is effectively

12  a denial of the ultimate relief sought, such a motion is considered dispositive, and a

13  magistrate judge lacks the authority to 'determine' the matter.'") (quoting SEC v.

14  CMKM Diamonds, Inc., 729 F.3d 1248, 1260 (9th Cir. 2013) (citing Reynaga v.

15  Cammisa, 971 F.2d 414, 416 (9th Cir. 1992))) (alteration in Mitchell).

16      "As Mitchell explains, the interaction of Rose v. Lundy, 455 U.S. 509, 102 S.

17  Ct. 1198, 71 L. Ed.2d 379 (1982), which requires dismissal of a 'mixed' [habeas]

18  petition that includes unexhausted claims, and the one-year statute of limitations

19  enacted as part of [AEDPA], means that, once a motion to stay and abey the petition

20  is denied, no matter what a petitioner chooses to do, he will generally 'lose the

21  opportunity ever to present [his unexhausted] claims to the federal habeas court.'"

22  Bastidas, 791 F.3d at 1163 (quoting Mitchell, 791 F.3d at 1172).

23      In cases in which the magistrate judge has issued an order denying a stay, the

24  Ninth Circuit found that "[t]he district court may consider the magistrate judge's

25  order on the stay as a report and recommendation, in which case the court should

26  afford the parties an opportunity to lodge objections."  Mitchell, 791 F.3d at 1174

27  (citation omitted); accord Bastidas, 791 F.3d at 1164; see, e.g., Daniels v. Davey,

28  2015 WL 5599846 (E.D. Cal. Sept. 22, 2015) (Seng, M.J.) (noting that Magistrate

2

1    Judge had to issue R&R rather than ruling directly on habeas petitioner's motion for
2    stay and abeyance).

3         **In light of these decisions, on August 25, 2015, the Court determined that**
4    **the Magistrate Judge's April 2, 2014 Order denying petitioner's motion for stay**
5    **had to be construed as a Report and Recommendation ("04/02/14 R&R") to**
6    **which the parties could file objections. This is consistent with the practice of**
7    **judges in our district since the Circuit's issuance of <u>Mitchell</u> earlier this year.**
8    See <u>Davis v. Bitter</u>, 2015 WL 6549118, *3 with n. 4 (C.D. Cal. Aug. 25, 2015) (Kato,
9    M.J.) (treating as an R&R the Magistrate Judge's order finding the fourth habeas
10   claim to be unexhausted and determining that petitioner was not entitled to stay and
11   abeyance under <u>Rhines v. Weber</u>), R&R adopted, 2015 WL 6513629 (C.D. Cal. Oct.
12   26, 2015) (Olguin, J.); <u>Chacon v. Peery</u>, 2015 WL 5188385, *2 (C.D. Cal. Aug. 19,
13   2015) (Bristow, M.J.) ("In light of these recent Ninth Circuit decisions, . . . the Court
14   vacated the . . . Order [denying the habeas petitioner's motion for stay and abeyance]"
15   and in its stead issued an R&R), R&R adopted, 2015 WL 5190677 (C.D. Cal. Sept.
16   3, 2015) (Snyder, J.); <u>Nakhei v. Warden</u>, 2015 WL 5818727 (C.D. Cal. Aug. 19,
17   2015) (Chooljian, M.J.), R&R adopted, 2015 WL 5768378 (C.D. Cal. Sept. 30, 2015)
18   (Fischer, J.), appeal filed, No. 15-56629 (9th Cir. Oct. 20, 2015).

19        On November 6, 2015, petitioner filed Objections to the 04/02/14 R&R.
20   Respondent had a right under Fed. R. Civ. P. 72(b)(2) to file a response to the
21   objections within fourteen days of being served with them. That deadline elapsed on
22   November 20, 2015, and respondent has neither filed a response nor sought an
23   extension of time in which to do so.

24        Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the
25   records and files herein, the 04/02/14 R&R, and petitioner's objections to the
26   04/02/14 R&R.  Having made a de novo determination of those portions of the
27   04/02/14 R&R to which objections have been made, the Court orders as follows:
28   / / /

3

1      Petitioner's objections to the R&R are **OVERRULED.**

2      The Report and Recommendation is **ACCEPTED.** The Court concurs with

3  and accepts the findings, conclusions and recommendations of the Magistrate Judge.

4  Petitioner's Request for Stay is **DENIED.**

5

6  DATED: _Jun 28, 2016_

7                                     GEORGE H. WU
                                   UNITED STATES DISTRICT JUDGE

4